UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LARIN SHINE,

                Plaintiff,

-against-

JAMIE ANDERSON,

                Defendant.

1:23-CV-0387 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Larin Shine, of Mt. Vernon, Westchester County, New York, filed this action *pro se*, invoking the court's diversity jurisdiction, suing Defendant Jamie Anderson, of Newtown, Bucks County, Pennsylvania, and seeking five million dollars in damages. Plaintiff's claims arise from events that allegedly occurred on September 30, 2022, when, in the course of Plaintiff's employment as a Verizon customer service agent, Defendant addressed Plaintiff by using a racial slur, and also told Plaintiff to "'go hang from a tree.'" (ECF 2, at 5.)

By order dated January 19, 2023, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons discussed below, the Court directs Plaintiff to show cause by declaration, within 30 days, why the Court should not transfer this action to the United States District Court for the Eastern District of Pennsylvania.

## DISCUSSION

Under the relevant venue provision, Plaintiff's claims may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under this statute, for venue purposes, a "natural person" resides in the federal judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff does not allege that Defendant resides within this federal judicial district.[1] Rather, Plaintiff alleges that Defendant resides in Newtown, Bucks County, Pennsylvania, which lies within the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118(a). Thus, under Section 1391(b)(1), venue for this action is proper in the United States District Court for the Eastern District of Pennsylvania.

While Plaintiff asserts residence in Mt. Vernon, Westchester County, New York, which lies within this federal judicial district, *see* 28 U.S.C. § 112(b), and alleges that the events giving rise to Plaintiff's claims occurred in the course of Plaintiff's employment as a Verizon customer service agent, Plaintiff does not allege where those events took place. Thus, while it is possible that those events could have occurred within this federal judicial district, the complaint is not clear as to whether that is true. Thus, the Court cannot discern whether it is a proper venue for this action under Section 1391(b)(2).

In light of Plaintiff's *pro se* status and the lack of specificity as to where the alleged events giving rise to the claims occurred, the Court grants Plaintiff leave to show cause by declaration why the Court should not transfer this action to the United States District Court for

---

[1] This federal judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

the Eastern District of Pennsylvania, the only proper venue for this action that the Court can discern from the complaint.

## CONCLUSION

The Court directs Plaintiff to show cause by declaration, within 30 days of the date of this order, why the Court should not transfer this action to the United States District Court for the Eastern District of Pennsylvania. A declaration form is attached to this order. If Plaintiff fails to file a declaration within the time allowed, or fails to show good cause as to why the Court should not transfer this action, the Court will transfer this action to the United States District Court for the Eastern District of Pennsylvania. *See* 28 U.S.C. §§ 1404(a), 1406(a).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 24, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge