USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LARIN SHINE,

                           Plaintiff,

-against-

JAMIE ANDERSON,

                           Defendant.

7:23-CV-0387 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Larin Shine, of Mt. Vernon, Westchester County, New York, brings this *pro se* action asserting claims under the court's diversity jurisdiction. Plaintiff sues Defendant Jamie Anderson, of Newtown, Bucks County, Pennsylvania, and seeks $5 million in damages.

    By order dated January 19, 2023, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court directs service of the complaint and the declaration (ECF 2 & 5) on Defendant.

## DISCUSSION

    Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons, the complaint, and the declaration until the Court reviewed the complaint and the declaration, and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date that a summons is issued.

To allow Plaintiff to effect service of the complaint and the declaration on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons for Defendant, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the complaint and the declaration upon Defendant.

If the complaint and the declaration are not served on Defendant within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to issue a summons for Defendant; complete a USM-285 form with the address of Defendant; and deliver all documents necessary to effect service of the complaint and the declaration (ECF 2 & 5) on Defendant to the U.S. Marshals Service.

SO ORDERED.

Dated:   3/17/2023
         White Plains, New York

                                              _____
                                              NELSON S. ROMÁN
                                              United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

Jamie Anderson
31 Honey Locust Lane
Newtown, Pennsylvania 18940